UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                 Case No. 18-20655

vs.                                            HON. MARK A. GOLDSMITH

LEROY CONSTANTINE,

      Defendant.

_____/

**<u>OPINION & ORDER</u>**
**<u>DENYING DEFENDANT LEROY CONSTANTINE'S MOTION FOR HOME</u>**
**<u>CONFINEMENT (Dkt. 40) WITHOUT PREJUDICE</u>**

       This matter is before the Court on Defendant LeRoy Constantine's motion for home confinement (Dkt. 40) due to the impact of the COVID-19 pandemic. Constantine is scheduled to begin serving his sentence at McKean SCP Federal Facility in Lewis Run, Pennsylvania on July 7, 2020. The Government has filed a response brief opposing the motion (Dkt. 45), and Constantine has filed a pro se reply brief in support of his motion (Dkt. 46).[1] Constantine does not identify any legal authority allowing the Court to order him to serve his sentence under home confinement in his motion. In his reply brief, however, he makes clear that he is seeking compassionate release under 18 U.S.C. § 3582(c)(1). For the reasons discussed below, Constantine's motion is denied without prejudice for failure to comply with 18 U.S.C. § 3582(c)(1)(A).

       Constantine seeks compassionate release to home confinement under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain

---

[1] The Court normally prohibits a defendant from filing his briefs when he is represented. However, under the circumstances, the Court will consider the pro se reply brief.

motions filed by defendants seeking to reduce their sentences, United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, defendants must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this requirement, and that the unprecedented COVID-19 pandemic does not warrant creating an equitable exception. United States v. Alam, --- F.3d ---, 2020 WL 2845694, at *3-4 (6th Cir. June 2, 2020). When faced with an untimely motion for compassionate release, district courts must dismiss the motion without prejudice. See id. at *5 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

This Court cannot consider modifying an imposed term of imprisonment until the requirements § 3582(c)(1)(A) have been met. Constantine has not established that he has met the requirements of § 3582(c)(1)(A). Therefore, in light of the Sixth Circuit's clear instruction on this issue, Constantine's motion (Dkt. 40) must be dismissed without prejudice.

SO ORDERED.

Dated: June 18, 2020                             s/Mark A. Goldsmith
   Detroit, Michigan                          MARK A. GOLDSMITH
                                                 United States District Judge